# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

**03 cv 12343 RCL**

| | |
|---|---|
| KATHLEEN CUSANELLI, | ) |
| Plaintiff | ) |
| | ) MAGISTRATE JUDGE Alexander |
| v. | ) |
| | ) |
| UNUMLIFE INSURANCE COMPANY | ) **COMPLAINT** |
| AMERICA AND WHDH-TV/SUNBEAM | ) |
| MANAGEMENT CORPORATION | ) |
| GROUP LONG TERM DISABILITY | ) |
| PLAN, | ) |
| | ) |
| Defendants | ) |

AMOUNT $150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
11/20/03

## INTRODUCTION

1. Plaintiff, Kathleen Cusanelli ("Ms. Cusanelli"), brings this action against Defendants, Unum Life Insurance Company of America ("Unum") and WHDH-TV/Sunbeam Management Corporation Group Long-Term Disability Plan ("Plan") (collectively referred to as "Defendants") for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Ms. Cusanelli is a participant in an ERISA welfare benefit plan that is underwritten and insured by Unum. The name of the welfare benefit plan is the WHDH-TV/Sunbeam Management Corporation Group Long-Term Disability Plan. The Plan number is 292000.

2. This Complaint challenges: (1) the Defendants unlawful termination of Ms. Cusanelli's Long Term Disability ("LTD") total disability benefits without appropriate justification

1

and without granting her a full and fair review of her claim for benefits; (2) Unum's pattern of rejecting and/or ignoring the opinions of Ms. Cusanelli's treating and examining physicians in at attempt to deprive her of the appropriate LTD benefits she is due; and (3) Unum's failure to provide a reasonable claims procedure that would yield a decision on the merits of Ms. Cusanelli's claim.

3. Ms. Cusanelli is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify rights under the terms of the Plan, and to recover costs and attorneys' fees as provided by ERISA.

## JURISDICTION

4. This court has personal and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district.

## PARTIES

5. Ms. Cusanelli is a 44 year old woman who currently resides in Hopkington, Massachusetts. Ms. Cusanelli is a vested participant in a Unum employee benefit plan, within the meaning of 29 U.S.C. § 1002(2)(7). Ms. Cusanelli has standing to bring this action under 29 U.S.C. § 1132(a).

6. The defendant, Unum, is a for-profit corporation with its principal place of business at 2211 Congress Street, Portland, Maine. Unum transacts business in Massachusetts and underwrites the Plan under which Ms. Cusanelli is suing. Unum is the party responsible for processing the claims made under the Plan and making a final determination as to Plan participants' eligibility for LTD benefits.

7. At all times relevant to the claims asserted in this Complaint, Unum purported to act as an ERISA claims fiduciary with respect to participants of the plan, generally, and specifically, with respect to Ms. Cusanelli, within the meaning of ERISA.

8. The Plan under which Ms. Cusanelli is suing is a "long term disability plan" issued by Unum to WHDH-TV/Sunbeam Management Corporation., a Massachusetts company with its principal place of business in Massachusetts. The Plan number is 292000.

## STATEMENT OF FACTS

### Insurance Entitlement, Definitions of Disability, Discretion

9. In 1998, Ms. Cusanelli began working at WHDH-TV in Boston. Ms. Cusanelli's position was that was an Executive Producer for morning newscasts.

10. As an employee of WHDH-TV, Ms. Cusanelli was provided with LTD benefits under a contract of insurance between WHDH-TV and Unum.

11. Unum both funds and administers the Plan under which Ms. Cusanelli is suing.

12. Under the terms of the Plan, Ms. Cusanelli is entitled to receive 60% of her monthly earnings to a maximum benefit of $20,000 a month until she turns 65 years old.

13. Under the terms of the Plan, "disability" is defined as follows:

You are disabled when Unum determines that:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury; and
- during the elimination period, you are unable to perform any of the material and substantial duties of your regular occupation.

14. The Plan further states with respect to disability: "After 24 months of payments, you are

disabled when Unum determines that due to the same sickness or injury, you are aunable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

15. The Plan also stated: "We may require you to be examined by a doctor, other medical practitioner and/or vocational expert of our choice. Unum will pay for this examination. We can require an examination as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Unum Representative."

16. "Regular Occupation" is defined under the Plan in the following manner: "Regular occupation means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific locations."

17. The Plan provides claimants with 60% of their monthly earnings, minus all deductible sources of income, including but not limited to, the amount of Social Security Disability Income ("SSDI") benefits.

18. Except for the terms defined above, the Plan contains no other definition or explanation for the terms "disability."

**Ms. Cusanelli's Claim For LTD Benefits**

19. Ms. Cusanelli has presented a timely claim to Unum, asserting that she is an insured person, that she became disabled while insured, and that she is entitled under the Plan to LTD benefits for the period of time beginning in June 2001, when she became disabled, and continuing thereafter without interruption through to the present, and continuing in

the future until she reaches the age of 65 or is no longer disabled.

**Illness/Basis for Disability**

20. Ms. Cusanelli worked as a News Producer at WHDH-TV, earning $60,000 per year.

21. Ms. Cusanelli worked Monday through Friday from 3am until 1pm, and was on-call 24 hours a day, seven days per week. Ms. Cusanelli was responsible for overseeing two morning news show from 5am until 7am. She was also in charge of the noon newscast, which lasted from noon until 1pm.

22. Ms. Cusanelli was responsible for the news broadcasted over the air, managing a staff of four writers, and writing, editing and producing the news.

23. In September 2000, Ms. Cusanelli began to experience problems working the 3am to 1pm shift. The prolonged sitting caused pain in her lower back and lasted throughout her whole shift.

24. The longer Ms. Cusanelli sat, the greater the pain and the more difficulty she experienced with arising, weight-bearing and walking.

25. As a result, Ms. Cusanelli sought out medical treatment, took several sick days and attempted to work through the pain through January 15, 2001.

26. In January 2001, Ms. Cusanelli went out on short-term disability as a result of her inability to perform the duties of her occupation as a result of her back problems.

27. On June 11, 2001, Ms. Cusanelli attempted to return back to work on her own volition. Due to the unbearable pain Ms. Cusanelli experienced as a result of sitting, standing, standing, attempting to focus, concentrate and make professional judgments with significant time restraints, Ms. Cusanelli was only able to participate in the performance

of her work-related duties for three days.

28. Following the conclusion of her STD leave, Ms. Cusanelli, after consulting with her treating physician, applied for LTD benefits on the basis of her disability due to lumbar radiculopathy.

29. At the same time, WHDH-TV was forced to terminate Ms. Cusanelli, as it could not do without an Executive Producer and had to fill her position.

**Unum's Internal Review of Ms. Cusanelli's Claim for LTD Benefits**

30. On October 1, 2001, Unum denied Ms. Cusanelli's application for LTD benefits on the basis that Ms. Cusanelli's "restrictions and limitations would not prevent [her] from performing [her] occupation as a TV Producer, as it is performed in the national economy."

31. Unum provided Ms. Cusanelli with the opportunity to appeal its decision at the conclusion of its September 26, 2001 letter.

32. Unum's denial of Ms. Cusanelli's benefits was made on the basis of a Labor Market Survey performed by GENEX, a wholly-owned subsidiary of Unum

33. On October 17, 2001, Unum denied Ms. Cusanelli's application for Life Insurance Premium Waiver on the basis that Ms. Cusanelli did not meet the policy definition of disability.

34. Ms. Cuanelli appealed Unum's decision in this regard following the receipt of Unum's October 17, 2001 denial.

35. On October 17, Ms. Cusanelli, through counsel and in writing, requested a complete copy of Ms. Cusanelli's claim file in order to perfect her appeal.

36. Unum never responded to Ms. Cusanelli's October 17, 2001 request for her claim file.

37. In November 2001, Ms. Cusanelli acquired the services of Anderson Rehabilitation Services, Inc. to execute a Labor Market Assessment of her position as TV News Producer.

38. On December 10, 2001, this assessment was provided to Unum, through counsel, in support of her Ms. Cusanelli's appeal.

39. On January 31, 2002, Patricia Ricker of Unum wrote to Ms. Cusanelli's counsel upholding Unum's decision to deny Ms. Cusanelli's LTD benefits. This decision was based on a second Labor Market Survey completed by GENEX.

40. On February 7, 2002, Ms. Cusanelli's counsel wrote Unum a second request for Ms. Cusanelli's claim file, documents detailing Unum's appeal procedure, and other documents regarding administrative remedies available to Ms. Cusanelli.

41. Unum failed to disclose these documents to Ms. Cusanelli's counsel in response to this request.

42. Without the benefit of these documents, Ms. Cusanelli appealed Unum's second denial on February 27, 2002, in a letter to the Chief Executive Officer of Unum.

43. On March 15, 2002, Ms. Cusanelli received a third letter from Unum upholding its decision to deny her benefits. This decision was based on an erroneous interpretation of Ms. Cusanelli's treating physician, Dr. Lawrence Geuss' opinion regarding Ms. Cusanelli's inability to work as well as the second GENEX Labor Market Survey commissioned by Unum.

44. Ms. Cusanelli appealed Unum's decision on April 12, 2002, with a letter from Dr. Geuss

supporting her claim for disability.

45. On May 17, 2002, Ms. Cusanelli received a fourth letter from Unum upholding the prior decision to deny Ms. Cusanelli her benefits. Upon reviewing additional medical information provided by Dr. Geuss, Unum's medical consultant concluded that this information was not sufficient to reverse Unum's decision.

46. Ms. Cusanelli appealed Unum's decision to deny her benefits for the fourth time on June 11, 2002. Her appeal included additional medical records from Dr. Stephen Parazin.

47. On July 10, 2002, Unum upheld its prior decision, stating that the additional medical information did not change the prior medical opinion of Unum's medical consultant. In this letter, Unum, for the first time, informed Ms. Cusanelli that she had exhausted all administrative remedies in regard to her appeal for disability benefits.

**Unum's Disclosure Of Ms. Cusanelli's Claim File**

48. On August 8, 2002, Ms. Cusanelli wrote to Unum requesting her claim file. Ms. Cusanelli wrote a second letter on the same day requesting her file not be closed.

49. In response to Ms. Cusanelli's third request for her claim file, Unum finally disclosed a copy of its file regarding Ms. Cusanelli upon request. This file arrived after Unum indicated that its administrative review was closed.

**Ms. Cusanelli's Attempt To Perfect Her Appeal And Unum's Breach Of Its Fiduciary Duty**

50. In September 5, 2003, Ms. Cusanelli, through new counsel, submitted a detailed package to Unum responding to the documents contained in the claim file finally disclosed to Ms. Cusanelli in late August 2002.

51. Understanding that Unum's denial of Ms. Cusanelli's claim was based upon an erroneous

understanding of Ms. Cusanelli's vocational abilities, Ms. Cusanelli underwent an independent vocational examination with a nationally-renowned vocational expert. This expert certified Ms. Cusanelli's inability to perform the material and substantial duties of any occupation.

52. Additionally, a review of Unum's claim file revealed that Unum relied upon an erroneous interpretation of Ms. Cusanelli's treating physician's records to deny Ms. Cusanelli's benefits. In light of this error, Ms. Cusanelli's treating physician also submitted a detailed report regarding Ms. Cusanelli's restrictions, limitations and symptoms in an effort to clarify his opinion regarding Ms. Cusanelli's total disability.

53. Finally, Ms. Cusanelli submitted letters from colleagues and news producers regarding their observations of her condition as well as the duties of her occupation.

54. In response to Ms. Cusanelli's September 2003 submission, Ms. Gina Barnes of Unum wrote counsel for Ms. Cusanelli on September 15, 2003, indicating that Unum would not review or consider the additional information submitted on Ms. Cusanelli's behalf "as the administrative record is closed." Ms. Barnes returned the documents sent by Ms. Cusanelli for Unum's consideration with her September 15, 2003 letter.

55. On October 6, 2003, counsel for Ms. Cusanelli wrote Ms. Barnes indicating that Unum reconsider its decision on the basis of the following factors: 1) Unum's failure to disclose Ms. Cusanelli's claim to her during the internal appeal, despite Ms. Cusanelli's repeated requests; 2) Unum's agreement to reopen its administrative review in other similar situations; 3) legal precedent; and 4) Unum's total reliance in its final denial upon a medical review to which Ms. Cusanelli did not have an opportunity to respond.

56. On October 16, 2003, Ms. Barnes wrote counsel for Ms. Cusanelli, again refusing to consider the additional evidence provided to Unum for review. Ms. Barnes returned the documents sent by Ms. Cusanelli for Unum's consideration with her October 16, 2003 letter.

57. On October 17, 2003, counsel for Ms. Cusanelli again wrote Ms. Barnes noting the factual errors contained in her justification for refusing to reopen Ms. Cusanelli's file, and again requesting that Unum consider the additional evidence.

58. On October 29, 2003, Ms. Barnes again wrote counsel for Ms. Cusanelli, refusing to reopen Ms. Cusanelli's administrative review. More specifically, Ms. Barnes returned the additional evidence, indicating that they "are not part of the administrative record in this case."

59. On November 3, 2003, counsel for Ms. Cusanelli wrote Ms. Barnes indicating that Unum's unilateral determination of what constituted the administrative record in this matter was a violation of Unum's fiduciary duty under ERISA.

60. On November 13, 2003, Ms. Barnes returned the November 3, 2003 submission to counsel for Ms. Cusanelli, again indicating that the documents "are not part of the administrative record in this case."

**Unum's Review Of Ms. Cusanelli's Claim**

61. Despite the complexity of Ms. Cusanelli's condition, at no time during its administrative review of Ms. Cusanelli's claim did Unum seek independent verification of its determination that Ms. Cusanelli was not disabled, nor did it request an independent medical examination of Ms. Cusanelli as is its right under the terms of the Plan.

62. At no time during its administrative review of Ms. Cusanelli's claim did Unum call Ms. Cusanelli's treating physicians to discuss the nature and extent of Ms. Cusanelli's illness and disability.

63. Unum failed to provide Ms. Cusanelli with a full and fair review of her claim for benefits.

64. Unum's failure to provide a full and fair review of Ms. Cusanelli's claim for benefits is exemplified in its failure to disclose to Ms. Cusanelli, a copy of her claim file during the administrative appeal, and its later refusal to consider the additional evidence submitted by Ms. Cusanelli in support of her appeal.

65. Unum's failure to conduct a full and fair review of Ms. Cusanelli's claim is further exemplified by Unum's misrepresentation of the medical opinion of Ms. Cusanelli's treating physician and its misrepresentation of the nature of Ms. Cusanelli's occupation.

66. The decision to deny Ms. Cusanelli's benefits was wrongful, unreasonable, irrational, solely contrary to the evidence, contrary to the terms of the Plan and contrary to law.

67. Unum was influenced by its financial conflict of interest, as both the administrator of the plan and the payor of benefits thereunder, when it terminated Ms. Cusanelli's benefits.

68. Due to the unlawful denial of benefits under ERISA, Ms. Cusanelli has lost her rightful long-term disability benefits. She has also suffered emotional distress and humiliation as a result of Unum's actions.

69. Ms. Cusanelli has also lost her life insurance policy, issued and insured by Unum, as a result of Unum's decision that she was not disabled. Unum's review regarding Ms. Cusanelli's eligibility for waiver of her premium for her life insurance policy on the basis of her disability, was conducted simultaneously with Unum's review of Ms. Cusanelli's

eligibility for LTD benefits.

70. Due to the unlawful denial of benefits under ERISA, Ms. Cusanelli has also lost the use of her long-term disability benefits.

71. Having exhausted the administrative procedures provided by Unum, Ms. Cusanelli now brings this action.

## FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan
### Action for Unpaid Benefits)
### (ALL DEFENDANTS)

72. Ms. Cusanelli realleges each of the paragraphs above as if fully set forth herein.

73. The Plan is a contract.

74. Ms. Cusanelli has performed all of her obligations under the contract.

75. 29 U.S.C. § 1132(a)(1)(B) states that:

A civil action may be brought ---

(1) by a participant or beneficiary –

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

76. The Defendants' actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

77. The Defendants unlawfully denied Ms. Cusanelli's benefits in part by: (1) rejecting the opinions of Ms. Cusanelli's treating physicians without requesting an independent

review; and (2) denying Ms. Cusanelli a full and fair review of their decision to deny her benefits.

78. In accordance with 29 U.S.C. §1132, Ms. Cusanelli is entitled to be paid benefits under the Plan based upon her disabled status from and after March 2001, and continuing into the present.

79. The Defendants have refused to provide Ms. Cusanelli with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA, which requires that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the Plan participants.

80. As a direct and proximate result of this breach, Ms. Cusanelli has lost the principal and the use of her rightful LTD benefits.

## SECOND CAUSE OF ACTION
### (Failure to Provide Plan Materials)
### (Unum LIFE INSURANCE COMPANY OF AMERICA)

81. Ms. Cusanelli realleges each of the paragraphs above as if fully set forth herein.

82. Unum's actions in failing to provide Ms. Cusanelli with a copy of the pertinent documents relied upon by Unum in making its decision to deny her benefits during the appeals process constitutes a violation of ERISA, under 29 U.S.C. § 1132(c).

83. Unum's failure to provide these materials in response to Ms. Cusanelli's October 17, 2001, request, and did not disclose these materials until August 2002.

84. Unum's failure to disclose the request documents for 10 months entitles Ms. Cusanelli $110 a day for every day which exceeds 30.

13

## THIRD CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

85. Ms. Cusanelli realleges each of the paragraphs above as if fully set forth herein.

86. Under the standards applicable to ERISA, Ms. Cusanelli deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

87. Defendant Unum has the ability to satisfy the award.

88. Ms. Cusanelli's conduct of this action is in the interests of all participants suffering from physical conditions who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

89. Unum has acted in bad faith in denying Ms. Cusanelli's benefits under the Plan.

90. The award of attorneys' fees against Defendant Unum will deter others acting under similar circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that Ms. Cusanelli is entitled to ongoing LTD benefits as calculated under the terms of the Plan.

(2) Award Ms. Cusanelli the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-judgment interest as may be allowed by law.

(3) Order that the Defendants make restitution to Ms. Cusanelli in the amount of any losses sustained by Ms. Cusanelli in consequence of the wrongful conduct alleged herein, together with prejudgment interest.

(4)   Award Ms. Cusanelli the costs of this action and reasonable attorneys' fees; and

(5)   Award such other relief as the court deems just and reasonable.

Respectfully submitted for the Plaintiff,

By: *Mala Rafik*

Mala M. Rafik
BBO No. 638075
ROSENFELD & RAFIK, P.C.
44 School Street, Suite 410
Boston, MA 02108
617-723-7470