UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN CUSANELLI, )
)
Plaintiff )
)
v. ) Civil Action No. 03-12343-RCL
)
UNUM LIFE INSURANCE COMPANY )
OF AMERICA and WHDH-TV/ )
SUNBEAM MANAGEMENT )
CORPORATION GROUP LONG )
TERM DISABILITY PLAN, )
)
Defendants )

## DEFENDANTS' ANSWER

Defendants Unum Life Insurance Company of America ("Unum") and WHDH-TV/Sunbeam Management Corporation Group Long Term Disability Plan (the "Plan") hereby answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

#### Introduction

1.  Defendants admit that Plaintiff has filed this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), that Plaintiff was a participant in an ERISA welfare benefit plan, known as the Plan, on the date of her alleged disability, and that Unum issued to the Plan a group long-term disability insurance policy, bearing Policy No. 216206 001 (the "Policy"), and deny the remaining material allegations contained in paragraph 1 of the Complaint.

2.  Defendants admit that Plaintiff's Complaint is premised on Unum's denial of Plaintiff's claim for long-term disability benefits, and deny the remaining material allegations contained in paragraph 2 of the Complaint.

{W0221526.1}

3. Defendants admit that Plaintiff's Complaint seeks the recovery of long-term disability benefits pursuant to the Policy, clarification of the parties' obligations under the Policy, and attorneys' fees pursuant to ERISA, and deny any material allegations to the contrary contained in paragraph 3 of the Complaint.

## Jurisdiction

4. Defendants admit that this Court has jurisdiction over this matter, and that the Policy issued to the Plan is administered in part in this judicial district, and deny the remaining material allegations contained in paragraph 4 of the Complaint.

## Parties

5. Defendants admit that Plaintiff is 44 years old, that she was a vested participant in the Policy at the time she alleges she became disabled for purposes of ERISA, and that Plaintiff has standing to bring this action under ERISA, but are without knowledge or information sufficient to form a belief as to Plaintiff's current address, and therefore deny the same.

6. Defendants admit that Unum is a for-profit corporation with its principal place of business at 2211 Congress Street, Portland, Maine, that Unum transacts business in Massachusetts, that Unum provides the Policy to the Plan, and that Unum was responsible for determining claimants' eligibility for benefits under the terms of the Policy, and deny any material allegations to the contrary contained in paragraph 6 of the Complaint.

7. Defendants admit that Unum acted as a claims fiduciary pursuant to ERISA under the Policy with respect to Plaintiff, and deny any material allegations to the contrary contained in paragraph 7 of the Complaint.

{W0221526.1}

2

8. Defendants admit that the Policy under which Plaintiff seeks benefits is a group long-term disability insurance policy, bearing Policy No. 216206 001, issued by Unum to the Plan offered by Plaintiff's former employer, WHDH-TV/Sunbeam Management Corporation, and that WHDH-TV/Sunbeam Management Corporation is a Massachusetts company with its principal place of business in Massachusetts, and deny any material allegations to the contrary contained in paragraph 8 of the Complaint.

### Statement of Facts

9. Defendants admit that Plaintiff was employed by WHDH-TV in Boston, Massachusetts, as of 1998, and that, at the time she alleges she became disabled, she was employed as an executive producer, and deny any material allegations to the contrary contained in paragraph 9 of the Complaint.

10. Defendants admit that, as an employee of WHDH-TV, Plaintiff was covered under the Policy issued by Unum, and deny the remaining material allegations contained in paragraph 10 of the Complaint.

11. Defendants admit that Unum administers the Policy and funds any long-term disability benefits payable under the terms of the Policy, and deny any material allegations to the contrary contained in paragraph 11 of the Complaint.

12. Defendants admit that the Policy provides for long-term disability benefits to eligible claimants in the amount of 60% of a claimant's monthly earnings, up to a maximum monthly payment of $5,000, minus certain deductions, and deny the remaining material allegations contained in paragraph 12 of the Complaint.

13. Defendants admit that the Policy defines the term "disability," the contents of which speak for themselves, deny that Plaintiff has accurately quoted a portion of that

definition, and deny any material allegations to the contrary contained in paragraph 13 of the Complaint.

14. Defendants admit that the Policy defines the term "disability," the contents of which speak for themselves, and that Plaintiff has accurately quoted a portion of that definition, and deny any material allegations to the contrary contained in paragraph 14 of the Complaint.

15. Defendants admit that the Policy contains language substantially similar to that set forth in paragraph 15 of the Complaint, and deny any material allegations to the contrary contained in paragraph 15 of the Complaint.

16. Defendants admit that the Policy defines the term "regular occupation," the contents of which speak for themselves, and that Plaintiff has quoted that definition in a substantially accurate manner, and deny any material allegations to the contrary contained in paragraph 16 of the Complaint.

17. Defendants admit that the Policy contains provisions for the calculation of long-term disability benefits for eligible claimants, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 17 of the Complaint.

18. Defendants admit that the Policy contains provisions that define the term "disability," the contents of which speak for themselves, and deny the remaining material allegations contained in paragraph 18 of the Complaint.

19. Defendants admit that Plaintiff submitted to Unum a timely claim for long-term disability benefits under the Policy, and deny the remaining material allegations contained in paragraph 19 of the Complaint.

20. Defendants admit that Plaintiff worked as a news produced at WHDH-TV, but are without knowledge or information sufficient to form a belief as to Plaintiff's precise salary or earnings at WHDH-TV, and therefore deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore deny the same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and therefore deny the same.

23. Defendants deny the material allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the material allegations contained in paragraph 24 of the Complaint.

25. Defendants admit that Plaintiff initially ceased working at WHDH-TV on or about January 15, 2001, then returned to work in June 2001, and deny the remaining material allegations contained in paragraph 25 of the Complaint.

26. Defendants admit that Plaintiff initially ceased working at WHDH-TV in January 2001, and deny the remaining material allegations contained in paragraph 26 of the Complaint.

27. Defendants admit that Plaintiff returned to work at WHDH-TV on or about June 11, 2001, and ceased working after three days, and deny the remaining material allegations contained in paragraph 27 of the Complaint.

28. Defendants admit that Plaintiff applied to Unum for long-term disability benefits, and deny the remaining material allegations contained in paragraph 28 of the Complaint.

29. Defendants admit that WHDH-TV terminated Plaintiff from her employment position, and deny the remaining material allegations contained in paragraph 29 of the Complaint.

30. Defendants admit that Unum sent Plaintiff a letter dated October 1, 2001, the contents of which speak for themselves, denying Plaintiff's claim for long-term disability benefits, and deny any material allegations to the contrary contained in paragraph 30 of the Complaint.

31. Defendants admit that the October 1, 2001, letter sent by Unum to Plaintiff informed Plaintiff of her right to request an administrative appeal, and deny any material allegations to the contrary contained in paragraph 31 of the Complaint.

32. Defendants admit that Unum's decision to deny Plaintiff's claim for disability benefits was based in part on a Labor Market Survey performed by GENEX, and deny the remaining material allegations contained in paragraph 32 of the Complaint.

33. Defendants admit that Unum sent Plaintiff a letter dated October 17, 2001, the contents of which speak for themselves, denying Plaintiff's application for Life Insurance Premium Waiver, and deny any material allegations to the contrary contained in paragraph 33 of the Complaint.

34. Defendants admit the material allegations contained in paragraph 34 of the Complaint.

35. Defendants admit that Plaintiff sent Unum correspondence dated October 17, 2001, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 35 of the Complaint.

36. Defendants deny the material allegations contained in paragraph 36 of the Complaint.

37. Defendants admit that Anderson Rehabilitation Services, Inc. performed a Labor Market Assessment on Plaintiff's behalf in November 2001, and deny any material allegations to the contrary contained in paragraph 37 of the Complaint.

38. Defendants admit Plaintiff sent Unum correspondence dated December 10, 2001, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 38 of the Complaint.

39. Defendants admit that Patricia Ricker of Unum sent Plaintiff a letter dated January 31, 2002, upholding Unum's decision to deny disability benefits, based in part on a second Labor Market Survey performed by GENEX, and deny any material allegations to the contrary contained in paragraph 39 of the Complaint.

40. Defendants admit that Plaintiff, through counsel, sent Unum correspondence dated February 7, 2002, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 40 of the Complaint.

41. Defendants deny the material allegations contained in paragraph 41 of the Complaint.

42. Defendants admit that Plaintiff sent correspondence dated February 27, 2002, to Harold Chandler, then the Chief Executive Officer of UnumProvident

Corporation, the contents of which speak for themselves, and deny the remaining material allegations contained in paragraph 42 of the Complaint.

43.  Defendants admit that Unum sent Plaintiff correspondence dated March 15, 2002, the contents of which speak for themselves, upholding its prior determination to deny disability benefits, based in part on the Labor Market Survey performed by GENEX, and deny the remaining material allegations contained in paragraph 43 of the Complaint.

44.  Defendants admit that Plaintiff sent Unum correspondence dated April 12, 2002, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 44 of the Complaint.

45.  Defendants admit that Unum sent Plaintiff correspondence dated May 17, 2002, the contents of which speak for themselves, upholding its prior determination to deny disability benefits, based in part on a medical review conducted by a medical consultant, and deny any material allegations to the contrary contained in paragraph 45 of the Complaint.

46.  Defendants admit that Plaintiff sent correspondence dated June 11, 2002, to Unum, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 46 of the Complaint.

47.  Defendants admit that Unum sent Plaintiff correspondence dated July 10, 2002, the contents of which speak for themselves, upholding its prior determination to deny disability benefits and informing Plaintiff that she had exhausted available administrative remedies, and deny any material allegations to the contrary contained in paragraph 47 of the Complaint.

48. Defendants admit that Plaintiff sent Unum correspondence dated August 8, 2002, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 48 of the Complaint.

49. Defendants admit that Unum produced a copy of Plaintiff's entire claim file to Plaintiff, and deny the remaining material allegations contained in paragraph 49 of the Complaint.

50. Defendants admit that Plaintiff, through counsel, submitted correspondence to Unum in September 2003, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 50 of the Complaint.

51. Defendants deny the material allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the material allegations contained in paragraph 52 of the Complaint.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 53 of the Complaint, and therefore deny the same.

54. Defendants admit hat Gina Barnes of Unum sent Plaintiff's counsel correspondence dated September 15, 2003, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 54 of the Complaint.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 55 of the Complaint, and therefore deny the same.

56. Defendants admit that Gina Barnes of Unum sent Plaintiff's counsel correspondence dated October 14, 2003, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 56 of the Complaint.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 57 of the Complaint, and therefore deny the same.

58. Defendants admit that Gina Barnes of Unum sent Plaintiff's counsel correspondence dated October 29, 2003, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 58 of the Complaint.

59. Defendants admit that Plaintiff, through counsel, sent Unum correspondence dated November 3, 2003, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 59 of the Complaint.

60. Defendants admit that Gina Barnes of Unum sent Plaintiff correspondence dated November 13, 2003, the contents of which speak for themselves, and deny any material allegations to the contrary contained in paragraph 60 of the Complaint.

61. Defendants admit that Unum did not request that Plaintiff undergo an independent medical examination, as permitted under the Policy, and deny the remaining material allegations contained in paragraph 61 of the Complaint.

62. Defendants admit that Unum did not initiate a telephone call to Plaintiff's treating physicians, and deny any material allegations to the contrary contained in paragraph 62 of the Complaint.

63. Defendants deny the material allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the material allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the material allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the material allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the material allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the material allegations contained in paragraph 68 of the Complaint.

69. Defendants admit that Unum reviewed and denied Plaintiff's claim for waiver of life insurance premiums under her separate life insurance policy in connection with the review of Plaintiff's claim for disability benefits under the Policy, and deny any material allegations to the contrary contained in paragraph 69 of the Complaint.

70. Defendants admit that Unum denied Plaintiff's claim for long-term disability benefits, and deny the remaining material allegations contained in paragraph 70 of the Complaint.

71. Defendants admit that Plaintiff has exhausted her available administrative remedies, and deny any material allegations to the contrary contained in paragraph 71 of the Complaint.

## First Cause of Action: Action for Unpaid Benefits

72. Defendants repeat and reallege their answers to paragraphs 1 through 71 of the Complaint as if set forth fully herein.

73. Defendants admit that the Policy issued by Unum to the Plan is a contract, and deny any material allegations to the contrary contained in paragraph 73 of the Complaint.

74. Defendants deny the material allegations contained in paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint states a conclusion of law to which no response is required. To the extent any response is required, Defendants admit that the section of ERISA cited in paragraph 75 of the Complaint has been quoted accurately.

76. Defendants deny the material allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the material allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the material allegations contained in paragraph 78 of the Complaint.

79. Defendants admit that Unum has determined that Plaintiff is not eligible for long-term disability benefits under the terms of the Policy, and deny the remaining material allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the material allegations contained in paragraph 80 of the Complaint.

## Second Cause of Action: Failure to Provide Plan Materials

81. Defendants repeat and reallege their answers to paragraphs 1 through 80 of the Complaint as if set forth fully herein.

82. Defendants deny the material allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the material allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the material allegations contained in paragraph 84 of the Complaint.

## Third Cause of Action: Attorneys' Fees and Costs

85. Defendants repeat and reallege their answers to paragraphs 1 through 84 of the Complaint as if set forth fully herein.

86. Defendants deny the material allegations contained in paragraph 86 of the Complaint.

87. Defendants are without knowledge or information sufficient to form a belief as to the amount of any purported award of attorneys' fees sought by Plaintiff in this action, and therefore deny the material allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the material allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the material allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the material allegations contained in paragraph 90 of the Complaint.

### SECOND DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

### THIRD DEFENSE

To the extent the Complaint seeks remedies not provided for under ERISA, including but not limited to Plaintiff's request for relief ordering Defendant to continue paying disability benefits indefinitely into the future, and Plaintiff's request for restitution, those remedies are preempted by ERISA. *See Pilot Life v. Dedeaux*, 481 U.S. 41 (1987).

### FOURTH DEFENSE

The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

### FIFTH DEFENSE

Defendants have complied with and performed all of their promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

## SIXTH DEFENSE

The demand for attorney's fees should not be granted under ERISA because Defendants' handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SEVENTH DEFENSE

Each and every act or statement done or made by Defendants and their officers, employees and agents with reference to Plaintiff was a good faith assertion of Defendants' rights and, therefore, was privileged and/or justified.

## EIGHTH DEFENSE

The Policy contains monthly benefits reductions, which offset the amount of disability benefits payable under the Policy.

## NINTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which contentions Defendants deny, such determinations do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of the recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## TENTH DEFENSE

Defendants' decisions were neither arbitrary nor capricious.

## ELEVENTH DEFENSE

Plaintiff's claims are barred due to Plaintiff's failure to satisfy the conditions precedent of the Policy.

## REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request: (i) that the Court dismiss the claims against Defendants with prejudice and that judgment be entered in Defendants' favor on such claims; (ii) that Defendants be awarded their costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

Dated: March 30, 2004

                                      Geraldine G. Sanchez
                                      Mark E. Porada
                                      PIERCE ATWOOD
                                      One Monument Square
                                      Portland, ME 04101
                                      (207) 791-1100

                                      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the date specified below, a true copy of the foregoing pleading was served upon counsel for Plaintiff, via first class mail, addressed as follows:

> Mala M. Rafik, Esq.
> Rosenfeld & Rafik
> 44 School Street, Suite 410
> Boston, MA 02108

DATED: March 30, 2004

_____
Geraldine G. Sanchez